# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**HART FREEZE PACK, LLC, d/b/a**
**MICHIGAN FREEZE PACK CO.,**

**Plaintiff,**

v.

**JAG FOOD SALES, INC.,**

**Defendant.**

**Case No. 19-cv-760**


**Oceana County Circuit Court**
**Case No. 19-13678-CK**
**Honorable Robert D. Springstead**

---

## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION:

Defendant, JAG Food Sales, Inc. ("JAG"), files this Notice of Removal of the above-captioned matter from the 27th Judicial Circuit Court in and for Oceana County, Michigan, to the Western District of Michigan, Southern Division.  In support of this Notice of Removal, JAG states:

### I.  JURISDICTION AND VENUE

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Specifically, the United States District Court for the Western District of Michigan embraces Oceana County, venue for the state court action.  Thus,

this Court is the proper district court to which this case may be removed.  *See,* U.S.C. §§ 1441(a) and 1446(a).

## II.  PROCEDURAL BACKGROUND

3.  On or about July 23, 2019, Plaintiff, Hart Freeze Pack, LLC d/b/a Michigan Freeze Pack Co. ("Plaintiff") filed this action in the 27th Judicial Circuit Court in and for  Oceana County, Michigan, entitled *Hart Freeze Pack, LLC d/b/a Michigan Freeze Pack Co. v. JAG Food Sales, Inc.,* Case No. 19-13675-CK (the "State Court Action").

4.  On August 19, 2019, JAG was served with the Summons and Complaint in the State Court Action.

5.  This Notice of Removal is timely filed within 30 days of JAG's receipt of a copy of the initial pleading in the State Court Action setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b).

6.  In accordance with 28 U.S.C. § 1446(a), JAG submits the attached Exhibit A, containing copies of all process, pleadings and orders on file served on it in the State Court Action, including:  (1) Summons; and (2) Complaint.  Defendant's counsel has confirmed with the Oceana County, Michigan Clerk of Court that no other documents have been filed in the State Court Action.

## III.  DIVERSITY OF CITIZENSHIP

7.  The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state...; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state... as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

8.     Plaintiff states in its complaint that it is a limited liability company organized under the laws of the State of Michigan, with its principal place of business located in Oceana County, Michigan.  See, Exhibit A, Complaint, ¶1.

9.     For purposes of determining diversity jurisdiction, all unincorporated associations, regardless of their particular corporate-like features, are treated as partnerships and deemed to possess the citizenship of their partners or members. *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012, 1015, 194 L.Ed.2d 71 (2016).  A limited liability company is considered to be a citizen of each state of which its member or members are citizens.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) citing to *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990).

10.    Plaintiff's members are:

- Thomas Oomen
- Rhonda Greiner
- Ralph Oomen
- Kenneth Oomen
- Greiner Family Trust
- Richard Oomen
- Scott Greiner

11.    To determine an individual's citizenship for diversity of jurisdiction purposes, courts look to the state of the individual's domicile at the time the complaint was filed.  *Ner Tamid Congregation of N. Town v. Krivoruchko*, 620 F. Supp. 2d 924, 931 (N.D. Ill. 2009), as amended (June 10, 2009).  Domicile, for purposes of diversity jurisdiction, has two elements: (1) physical presence or residence in a state, and (2) an intent to remain in the state. 28 U.S.C.A. § 1332(a)(1), *Id.*  When the complaint in this matter was filed, Thomas Oomen, Rhonda Greiner, Ralph Oomen, Kenneth Oomen, Richard Oomen, and Scott Greiner were all citizens of the State of Michigan.

12.     One of Plaintiff's members is Greiner Family Trust.  For purposes of diversity of jurisdiction, the citizen of a trust is that of the trustee.  *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980).   A trustee is a "real party to controversy" for purposes of diversity jurisdiction when he holds, manages, and disposes of assets for the benefit of others. 28 U.S.C.A. § 1332(a)(1); U.S.C.A.Const. art. 3, § 2, cl. 1, *Id. at 464.*

13.     The trustees of the Greiner Family Trust are Scott Greiner and Rhonda Greiner, who are both citizens of the State of Michigan.

14.     Pursuant to 28 U.S.C. 1332(c), "a corporation shall be deemed to be a citizen of any State by which where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers, direct, control, and coordinate the corporation's activities," or its "nerve center" should "normally be the place where the corporation maintains its headquarters."  *Id.*

15.     JAG is the only defendant in the State Court Action that is pending in Oceana County, Michigan.

16.     JAG is a California corporation, organized under the laws of the State of California. *See*, Exhibit A, Complaint, ¶3.  JAG's maintains an office at 35285 Highway 41, Suite B, Coarsegold, CA  93614.  Thus, JAG's "citizenship" is in California, not Michigan.

17.     Complete diversity of citizenship exists under 28 U.S.C. § 1332 as Plaintiff is a citizen of Michigan and Defendant, JAG, is a citizen of the State of California.

### A.     AMOUNT IN CONTROVERSY

18.     Although JAG denies that Plaintiff's claims have merit, the amount in controversy for Plaintiff's claims in the Complaint alleges damages of "$113,514.30" and seeks entry of a Judgment in that amount, plus interest, attorneys' fees and costs, against JAG.  *See*, Exhibit A,

Complaint, p. 4.  Plaintiff's complaint is a one count complaint, for breach of contract.  A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.     Accordingly, under Plaintiff's own admission, the amount in controversy in this matter  exceeds $75,000, exclusive of interest and costs, and satisfies the threshold amount for this Court's diversity jurisdiction under 28 U.S.C. § 1332.

### B.     PROPRIETY OF REMOVAL

20.     Based on a fair reading of the Complaint, the State Court Action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and which may be removed to this Court by JAG, pursuant to 28 U.S.C. § 1441.  The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

21.     Complete diversity of jurisdiction exists under 28 U.S.C. § 1332 as Plaintiff is a citizen of Michigan, and Defendant is a citizen of California.

22.     Accordingly, diversity of citizenship and amount in controversy under 28 U.S.C. § 1332 are met to authorize removal under 28 U.S.C. §§ 1441 and 1446.

23.     This Notice of Removal is timely, as it was filed within 30 days of JAG's receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b).

24.     The United States District Court for the Western District of Michigan, Southern Division, is the federal judicial district and division for Oceana County, Michigan, where the action was filed.  28 U.S.C. § 1446.  Thus, this Court is the proper venue for removal of the State Court Action.

25.     JAG will promptly file a copy of the Notice of Removal with the Clerk of the 27th Judicial Circuit Court in and for Oceana County, Michigan, and will serve a copy upon counsel of record for Plaintiff, as required under 28 U.S.C. § 1446(d).

FOR THESE REASONS, notice is given that this action is removed from 27th Judicial Circuit Court in and for Oceana County, Michigan, to this Court.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on September 16, 2019, to:

>Mark A. Pehrson
>Mark A. Pehrson, PC
>*Attorney for Plaintiff*
>201 S. James Street
>Ludington, MI  49431-2103
>mappc@t-one.net
>*Via electronic mail*

>MEUERS LAW FIRM, P.L.

>By: /s/ Steven E. Nurenberg
>       Steven E. Nurenberg
>       Michigan Bar No. P43101
>       5395 Park Central Court
>       Naples, FL  34109-5932
>       Telephone: 239-513-9191
>       Facsimile:  239-513-9677
>       snurenberg@meuerslawfirm.com
>       *Attorneys for Defendant, JAG Food Sales, Inc.*